IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CITIZEN POTAWATOMI NATION,      )
                                )
        Plaintiff,               )
                                )
v.                              ) Case No. CIV-16-361-C
                                )
STATE OF OKLAHOMA,              )
                                )
        Defendant.              )

## MEMORANDUM OPINION AND ORDER

In 2004, the parties entered into the Citizen Potawatomi Nation Tribal Gaming Compact. The purpose of the Compact was to create an agreement governing gaming on Plaintiff's Compact facilities which are located on federal trust lands held for the Nation's benefit. In 2014 a dispute arose between the parties regarding the collection of sales tax. Ultimately, on May 28, 2014, the Oklahoma Tax Commission ("OTC") started an adverse administrative complaint against Plaintiff demanding revocation of Plaintiff's alcoholic beverage permits, including those at Compact facilities, on the ground that the Nation had not reported sales tax collections on the State's behalf. On October 29, 2015, the OTC's administrative law judge issued an Order recommending that the OTC revoke all of the Nation's alcoholic beverage and sales tax permits. That Order was adopted by the OTC on January 14, 2016. Plaintiff has appealed that decision to the Oklahoma Supreme Court. The Oklahoma Supreme Court stayed its case pending arbitration of the parties' dispute.

The Compact contains an arbitration clause which permits disputes arising under the Compact to be submitted to arbitration. Pursuant to that clause, on May 28, 2015, Plaintiff

submitted its demand for arbitration. The parties agreed to appointment of Daniel J. Boudreau as the arbitrator. On August 7, 2015, the arbitrator ruled the dispute was arbitrable and issued a final award on April 4, 2016. That award made several rulings, the net result of which preclude Defendant from denying Plaintiff the ability to sell and serve alcohol at Compact facilities because Plaintiff does not remit sales taxes to Defendant.

On April 13, 2016, Plaintiff filed the present action seeking enforcement of the arbitration award. Defendant responded, filing a Motion to Vacate, or in the Alternative, for de Novo Review of Arbitration Award. Defendant raises several arguments in support of its Motion to Vacate: that the arbitrator exceeded his powers by failing to limit the award to enforcement of the Compact's provisions; that the arbitrator exceeded his powers by recognizing a right that does not exist and is not conferred by the Compact; that the arbitrator imperfectly executed his powers. Alternatively, Defendant seeks to invoke a separate section of the Compact which provides for de novo review of any arbitration award.

In considering a challenge to an arbitration award, the Court's review is extremely limited. See Litvak Packing Co. v. United Food & Commercial Workers, Local Union No. 7, 886 F.2d 275, 276 (10th Cir. 1989) (holding review of arbitral awards is among the narrowest known to the law). In Foster v. Turley, 808 F.2d 38, 42 (10th Cir. 1986), the Circuit explained the reviewing court's role as follows:

> Once an arbitration award is entered, the finality that courts should afford the arbitration process weighs heavily in favor of the award, and courts must exercise great caution when asked to set aside an award. Because a primary purpose behind arbitration agreements is to avoid the expense and

2

delay of court proceedings, it is well settled that judicial review of an arbitration award is very narrowly limited.

(citations omitted). Indeed, the Supreme Court has made clear that a final award may be set aside only for the reasons set forth in 9 U.S.C. §§ 10 & 11. See Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 587 (2008). Finally, the Supreme Court has explained the Court's duty in the present case:

> Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement. Paperworkers v. Misco, Inc., 484 U.S. 29, 36, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). We recently reiterated that if an "'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.'" Eastern Associated Coal Corp. v. Mine Workers, 531 U.S. 57, 62, 121 S.Ct. 462, 148 L.Ed.2d 354 (2000) (quoting Misco, supra, at 38, 108 S.Ct. 364). It is only when the arbitrator strays from interpretation and application of the agreement and effectively "dispense[s] his own brand of industrial justice" that his decision may be unenforceable. Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). When an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's "improvident, even silly, factfinding" does not provide a basis for a reviewing court to refuse to enforce the award. Misco, 484 U.S., at 39, 108 S.Ct. 364.

Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509, 121 S. Ct. 1724, 1728, 149 L. Ed. 2d 740 (2001). With these standards in mind, the Court will consider Defendant's arguments for vacating the arbitrator's award.

In support of its argument that the arbitrator exceeded his powers by failing to limit the award to enforcement of the Compact's provisions, Defendant argues that the arbitrator ignored Part 12(2) of the Compact. That provisions states, "The remedies available through

3

arbitration are limited to enforcement of the provisions of this Compact. The parties consent to the jurisdiction of such arbitration forum and court for such limited purposes and no other, and each waives immunity with respect thereto." (Dkt. No. 1, Ex. 2, P. 50.) Defendant argues that rather than apply this provision and limit his findings to the Compact, the arbitrator moved beyond and made a ruling on the validity of the State's tax laws under the doctrine of federal preemption. But in this argument Defendant ignores the underlying nature of the dispute between the parties. That dispute centers upon the Tribe's ability to sell alcoholic beverages within its gaming facilities – facilities that operate under the authority of the Compact – without complying with the State's sales tax laws. Part 5(I) of the Compact provides: "The sale and service of alcoholic beverages in a facility shall be in compliance with state, federal, or tribal law in regard to the licensing and sale of such beverages." (Dkt. No. 1, Ex. 2, pp. 17-18.)[*] As the arbitrator recognized, in the OTC proceedings Defendant attempted to use non-applicable standards to impact actions that were permissible under the Compact. It was on this basis that the arbitrator began his analysis of Defendant's actions against Plaintiff. The arbitrator noted that under part 5(I) there was no obligation of Plaintiff to submit to the State's sales tax laws as a condition for its casinos to sell and serve alcoholic beverages. Recognizing that there were other grounds on which the State could arguably pursue its sales tax collection, the arbitrator proceeded to consider those grounds and determined that under the applicable law and the facts present in the case the State was not

---

[*] In its briefs, Defendant replaces the "or" with "and" when referencing the jurisdiction's law with which the sale must comply.

entitled to collect sales taxes at Compact facilities. These findings were necessary to give full effect to the Compact. Contrary to Defendant's arguments in its Motion to Vacate, the arbitrator did, in fact, base his decision upon the terms of the Compact and resolved the parties' dispute by relying on those terms, as well as appropriate governing law. Therefore, the Court finds he did not exceed his powers by failing to limit the award to enforcement of the Compact provisions.

Next, Defendant argues that the arbitrator exceeded his powers by recognizing a right that does not exist and is not conferred by the Compact. On this argument, Defendant stretches the language of the arbitration award beyond any reasonable meaning. Defendant notes that the arbitrator twice refers to Plaintiff's "right" to sell and serve alcoholic beverages. Defendant then argues that no such right exists. However, when using this shorthand language, it is clear that the arbitrator was not suggesting or implying that some unfettered right exists to sell alcohol. Rather, it is clear from the surrounding language in the portions of the award where the term "right" is used, that the arbitrator's intent was simply a manner of expressing the Tribe's entitlement to sell alcohol without improper enforcement actions against it by Defendant. Thus, to the extent Defendant's attempt to argue that the award should be set aside because the arbitrator conferred a right not contained in the Compact, the argument will be rejected.

Finally, Defendant argues that the award does not lend itself to a clearly enforceable mandate and that the arbitrator failed to resolve all the issues before him. Defendant argues that the arbitrator's award is not final. Again, upon review it is clear that the arbitrator's

award addresses the issues brought before him on which the parties requested resolution, and it provides a clear determination of each side's rights and responsibilities under the terms of the Compact. To the extent Defendant argues that Plaintiff is seeking to apply the arbitrator's award to non-Compact facilities, that is a matter beyond the scope of the present litigation. The arbitration award is, in the relief granted, limited to Compact facilities, and this Court declines to speculate as to any broader impact. Accordingly, the Court finds no basis on which to vacate the award under 9 U.S.C. § 10(a)(4).

Finally, Defendant requests that the Court conduct de novo review of the award, relying upon Part 12(3) of the Compact. As Plaintiff notes, Defendant's argument in this regard is foreclosed by the Supreme Court's ruling in Hall Street Assocs., supra. There, the Supreme Court noted that the parties may not expand the grounds of review of an award beyond those set forth by the Federal Arbitration Act ("FAA"). Id. at 587. The Supreme Court made clear that the only grounds for vacating or modifying an arbitration award were those set forth in §§ 10 or 11 of the FAA. As Plaintiff notes, to engage in de novo review as requested by Defendant would improperly broaden the permissible grounds for setting aside the award. Thus, Defendant's argument is foreclosed by Supreme Court precedent.

For the reasons set forth herein, Plaintiff's Application for Confirmation of Arbitration Award (Dkt. No. 1) is GRANTED. Defendant is enjoined "from taking any further action to divest the Nation's Compact facilities of the right to sell and serve alcoholic beverages or threaten other enforcement actions against them on the ground that the Nation does not

comply with the State's sales tax laws." (Dkt. No. 1, Ex. 1, p. 5). A separate Judgment will issue.

IT IS SO ORDERED this 21st day of June, 2016.

ROBIN J. CAUTHRON
United States District Judge